UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEFF BLAKE
                                                    PRISONER
v.                                     CASE NO. 3:12CV1300(MPS)

BRIAN MURPHY

### RULING ON PENDING MOTION

The petitioner, currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2005 convictions for sexual assault and risk of injury to a minor. He raises nine grounds in the petition. Pending before the court is the petitioner's "Motion for Articulation."

In May 2005, a jury in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, Connecticut, convicted the petitioner of sexual assault in the first degree in violation of Conn. Gen. Stat. § 53a-70(a)(1); sexual assault in the second degree in violation of Conn. Gen. Stat. § 53a-71(a)(1) and risk of injury to a child in violation of Conn. Gen. Stat. § 53-21. In June 2005, the court imposed a total effective sentence of forty years of imprisonment, execution suspended after thirty years, and followed by five years of probation and special conditions of parole. *See State v. Blake*, 106 Conn. App. 345, 346-48, 942 A.2d 496, 498-99 (2008).

The petitioner raised two grounds on appeal of his conviction. *See id.* at 347, 942 A.2d at 498. On March 18, 2008, the Connecticut Appellate Court affirmed the convictions. *See id.* at 359, 942 A.2d at 505. On June 17, 2008, the Connecticut Supreme Court denied the petition for writ of certification to appeal the decision of the Connecticut Supreme Court. *See State v. Blake*, 287 Conn. 922, 951 A.2d 573 (2008).

On March 16, 2009, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville challenging his 2005 convictions. On March 27, 2012, a Connecticut Superior Court judge denied the petition. *See Blake v. Warden*, No. CV094002966S, 2012 WL 1222372 (Conn. Super. Ct. March 27, 2012). On June 4, 2012, the petitioner filed an appeal of the denial of the state habeas petition. The appeal is still pending.

The petitioner generally asserts that the state courts are trying to impede him from proceeding in federal court. He contends that he sought to raise certain claims in his state habeas petition, but the attorney appointed to represent him in that action refused to raise or pursue those claims. He states that he is represented by the same attorney on the appeal of his state habeas. In May 2012, however, he filed a *pro se* motion to withdraw the appeal. He does not indicate whether the Connecticut Appellate Court has ruled on the motion to withdraw.

The petitioner asserts that he would like to proceed only as to the claims that he has exhausted in state court, namely those claims raised on direct appeal of his conviction. The court liberally construes the petitioner's motion for articulation as motion for leave to file an amended petition to assert only those claims that have been exhausted in state court.

The court grants the petitioner's request to file an amended petition. The petitioner is cautioned, however, that if he proceeds only as to the grounds that are currently exhausted, with the intention of presenting the unexhausted grounds to this court in a subsequent petition after they have been exhausted, he will run the risk that any such subsequent petition will not be considered by this court because it will be a second or successive petition.[1]  *See* 28 U.S.C. § 2244(b).

---

[1] The habeas corpus statutes require that before an inmate may file a "second or successive" habeas petition in the district court, he must first apply to the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is considered second or successive if it challenges the same

## Conclusion

The Motion for Articulation **[Doc. No. 3]** which the court has construed as motion for leave to file an amended petition to assert exhausted claims is **GRANTED**. **The Clerk is directed to send the petitioner an Amended Section 2254 Petition form and a copy of the Petition for Writ of Habeas Corpus [Doc. No. 1] with a copy of this ruling.** The petitioner shall use the enclosed habeas form to file an Amended Petition. **The petitioner must clearly state the facts supporting each ground for relief.**

The Amended Petition must be filed within **twenty days** of the date of this order. If the petitioner chooses not file an amended petition within the time specified, the Court will consider the grounds in the petition for writ of habeas corpus. (*See* Doc. No. 1.)

SO ORDERED this 3rd day of April, 2013, at Hartford, Connecticut.

                                                                  /s/
                                                  MICHAEL P. SHEA
                                                  UNITED STATES DISTRICT JUDGE

---

conviction and the first petition was considered on the merits. *See Thomas v. Superintendent/Woodbourne Corr. Fac.*, 136 F.3d 227, 229 (2d Cir. 1997) (*per curiam*). Thus, if the petitioner files an amended petition asserting the exhausted claims and the court considers the merits of those claims, the petitioner cannot later assert any currently unexhausted claims unless he obtains permission from the Second Circuit to file a second federal habeas petition asserting those claims.